HAROLD GLASGOW, Plaintiff-Appellant, *v.* MILTON A. BRUEGGEMANN, Sheriff of Monroe County, Defendant-Appellee.

Fifth District    No. 81-146

Opinion filed March 12, 1982.

C. Glennon Rau and Judith A. Rau, both of Rau and Rau, of Columbia, for appellant.

Floyd E. Crowder, of Crowder, Traughber & Scroggins, Ltd., of Columbia, for appellee.

JUSTICE JONES delivered the opinion of the court:

The plaintiff, Harold Glasgow, was discharged as a deputy sheriff by the defendant, Milton Brueggemann, the sheriff of Monroe County. Alleging that defendant had "unlawfully and illegally discharge[d]" him, plaintiff brought suit approximately 2½ years later for damages in the amount of $10,000, suffered "as a direct and proximate result of the unlawful firing" of plaintiff in breach of defendant's "duty" to him.

We are concerned with plaintiff's first amended complaint, in which he alleges that he was discharged in violation of certain rules and regulations of the Monroe County Merit Commission. However, at no time did plaintiff attempt to enforce the rights he claims to have derived from the commission by appealing to that body to enforce its own rules.

Defendant, in his answer to plaintiff's first amended complaint, denied plaintiff's allegation that the commission was lawfully created. In response to defendant's amended motion for judgment on the pleadings, the trial court entered judgment against plaintiff because he had failed to commence his cause of action within two years, as provided by section 8—101 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1979, ch. 85, par. 8—101), and because

plaintiff failed to show that he had given notice to defendant of the accrual of his cause of action within one year, as provided by section 8—102 (Ill. Rev. Stat. 1979, ch. 85, par. 8—102). In a subsequent order entered in response to plaintiff's motion to reconsider, the trial court entered judgment in favor of defendant for the additional reason that plaintiff failed to allege facts to show that he had exhausted his administrative remedies under the alleged merit system prior to instituting the action in court.

On appeal plaintiff argues that the time periods in question do not apply because his complaint is one sounding in contract and not in tort. Plaintiff also maintains that because the question of the legitimacy of the commission and, hence, its jurisdiction, was raised by defendant in his answer, his case falls within one of the exceptions to the doctrine which requires the exhaustion of administrative remedies before resort may be had to the circuit court. Defendant has on appeal moved to strike and expunge certain items plaintiff included in the appendix to his reply brief. Plaintiff has filed an answer to that motion.

We need not decide the procedural question of whether the appended materials to which defendant objects are properly a part of the record on appeal since the outcome is the same whether or not we do so. Assuming that we did consider them, they would, at best, establish merely that the sheriff and two persons with whom he consulted, namely, the State's Attorney of Monroe County and the chairman of the Board of County Commissioners, believed that the commission, because of a procedural error, was not validly created. The materials do not suggest that the plaintiff knew of these beliefs or that he acted in consequence of them. These materials, like the record when it is examined without them, do not suggest that as a result of the beliefs of defendant and others as to the legitimacy of the commission, plaintiff concluded it would be futile to seek redress from the commission itself and therefore failed to exhaust his administrative remedies before seeking the aid of court. Neither these materials nor the record apart from them indicate that in the face of a "demonstrated attitude" (see *Van Laten v. City of Chicago* (1963), 28 Ill. 2d 157, 159, 190 N.E.2d 717, 718) on the part of the commission, plaintiff sought relief from the courts instead of the commission in order, for example, to diminish costs, to prevent circuitry of action or to avoid delay in the administration of justice. In fact, with respect to the last of these possible reasons, plaintiff did nothing at all for nearly 2½ years, when he filed his complaint in circuit court. Although the question of the validity of the commission might have brought the parties into court early in the administrative proceedings, the plaintiff will not be permitted to initiate an action in court at a time when he can show no knowledge of any need to do so.

To prevail in this lawsuit plaintiff would have to show that the commission was legal, for the contract rights he seeks to enforce are derived solely from the commission. If the commission was not legally established and its rules and regulations were therefore of no validity, the sheriff possessed the authority to terminate plaintiff's employment. While the invalidity of the commission might relieve plaintiff of any obligation to exhaust an administrative remedy, it would defeat plaintiff's cause of action in contract, for without the commission there could be no enforceable "contract." If the commission was, in fact, legally established, plaintiff might have had a meritorious claim, but he was obliged either to seek relief from the commission or to show why he should not be expected to do so. Plaintiff did neither.

We deem it unnecessary to determine whether the first amended complaint sounds in contract or in tort, though in our opinion it sounds without question in tort. All of the pertinent terminology contained in it is that which is ordinarily used to plead negligence, such as "duty," "knew or should have known" and "direct and proximate result." Although there are fewer instances of this kind of terminology in the first amended complaint than in the complaint, no terminology ordinarily used in the pleading of a contract action may be found in either of the two complaints. If the first amended complaint is deemed to be one sounding in tort, judgment must be entered against plaintiff because of the two statutory provisions with respect to time. If, on the other hand, the first amended complaint is deemed to be one sounding in contract, judgment must likewise be entered for defendant because of plaintiff's unjustified failure to exhaust his administrative remedies.

Affirmed.

WELCH and KASSERMAN, JJ., concur.